UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| VS. | § CIVIL ACTION NO. 7:19-CV-30 |
| | § |
| 1.828 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS, *et al*, | § § § |
| | § |
| Defendants. | § |

## ORDER

The Court now considers the "Joint Stipulation of Dismissal and to Disburse Funds"[1] filed the United States of America ("United States") and Maria Cecilia Benavides[2] and Noel Benavides (collectively, "Defendants").

This is a land condemnation case brought by the United States against Defendants for the taking of 12-month temporary, assignable easements in Tract RGV-RGC-4017, 0.914 acres of land, and Tract RGV-RGC-4018, 0.914 acres of land, ("the Subject Properties"), owned by Defendants, through eminent domain in order to "help secure the United States/Mexico border within the State of Texas."[3] On January 29, 2019, the United States filed a complaint in condemnation,[4] declaration of taking,[5] and notice in condemnation.[6] The United States estimated

---

[1] Dkt. No. 20.
[2] Ms. Benavides' name is also listed as Maria Cecilia Benavidez. Dkt. No. 1-1 p. 18 ("Schedule G").
[3] Dkt. Nos. 1-1, 2-1, 3-1 p. 4 ("Schedule B"). The parent Tracts were previously condemned in Civil Cause No. 7:08-cv-00207 (before the Honorable Judge Randy Crane). *See* Dkt. Nos. 1-1, 2-1, 3-1 p. 8 ("Schedule D" for Tract RGV-RGC-4017"); Dkt. Nos. 1-1, 2-1, 3-1 p. 12 ("Schedule D" for Tract RGV-RGC-4018).
[4] Dkt. No. 1.
[5] Dkt. No. 2.
[6] Dkt. No. 3.

just compensation at $100.00,[7] which was deposited[8] into the Registry of the Court on February 25, 2019, but has not yet been disbursed.

On April 16, 2019, the Court abated the case because the United States was unable to move forward with surveys for at least five months.[9] After the United States informed the Court it could proceed with surveys,[10] the Court lifted the abatement on October 10, 2019.[11] The parties then filed the instant joint stipulation on December 11, 2019.[12]

Therein, the parties state "[o]n November 26, 2019, attorney Marie D. Harlan on behalf of the Defendants [] agreed to and executed a Right of Entry and as such, this condemnation procedure is no longer necessary."[13] Accordingly, the parties, "pursuant to Fed. R. Civ. P. 71.1(i)(1)(B), jointly stipulate to the dismissal of this case, without prejudice, each party to bear their own cost."[14] The parties further "respectfully move this Court to disburse the sum remaining in the Registry of the Court, one hundred and 00/100 dollars ($100), plus any accrued interest thereon, payable to the order of 'F&A Officer, USAED, Fort Worth,'" with the United States requesting "the check reference Tract Nos. RGV-RGC-4017 and RGV-RGC-4018."[15]

Federal Rule of Civil Procedure 71.1(i)(1)(B) provides for a dismissal of a condemnation action by stipulation. Specifically, "[b]efore a judgment is entered vesting the plaintiff with title or a lesser interest in or possession of property, the plaintiff and affected defendants may, without a court order, dismiss the action in whole or in part by filing a stipulation of dismissal . . . ." Here, no judgment has been entered vesting the United States with title or a lesser interest in

---

[7] Dkt. Nos. 1-2, 2-1, 3-1 p. 16 ("Schedule F").
[8] Dkt. No. 6; Minute Entry dated February 26, 2019.
[9] Minute Entry dated April 16, 2019.
[10] Dkt. No. 18.
[11] Dkt. No. 19.
[12] Dkt. No. 20.
[13] *Id.* at p. 1, ¶ 3.
[14] *Id.* at p. 2, ¶ 4.
[15] *Id.* ¶ 5.

or possession of the Subject Properties. The stipulation is signed by all parties in this case. Thus, the parties have effectively dismissed this condemnation action.

Consistent with the stipulated compensation for the 12-month temporary, assignable easements in Tract Nos. RGV-RGC-4017 and RGV-RGC-4018, the Court **ORDERS** the Clerk of the Court to **DISBURSE** the total sum of **$100.00, along with any accrued interest earned thereon while on deposit**, payable to the order of F&A Officer, USAED, Fort Worth, with reference to Tract Nos. RGV-RGC-4017 and RGV-RGC-4018. There being no further issues to resolve in this case, the Court instructs the Clerk of the Court to close the case. Pursuant to Federal Rule of Civil Procedure 58, a final judgment shall issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 12th day of December, 2019.

Micaela Alvarez
United States District Judge

